IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

DAVID TRUSSELL,                    §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §        Cause No. __4:22-cv-00034__
                                   §
WALMART INC. & DANIEL DURAN,        §
                                   §
        Defendants.                §

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW,** WALMART INC. AND DANIEL DURAN, Defendants in the above-entitled and captioned cause and file this Notice of Removal pursuant to 28 U.S.C. § 1441, based on diversity of citizenship jurisdiction, and in support of this Removal, would respectfully show the Court as follows:

### I.
### FACTUAL BACKGROUND

1.      This case arises out of an alleged trip-and-fall accident that occurred on or about May 7, 2020 in Fort Stockton, Texas at Store 897. *See* Pl.'s Orig. Pet. at ¶ 7. (attached as "Exhibit B"). This lawsuit was originally filed on May 3, 2022 under Cause No. P-12873-112-CV, and styled *David Trussell v. Walmart Inc. and Daniel Duran* in the 112th Judicial District Court of Pecos County, Texas (hereinafter the "State Court Action").

2.      A true and correct copy of the Docket Sheet from the State Court Action is attached to this Notice as "Exhibit A." Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings, and orders in the State Court Action are being attached to this Notice as "Exhibit B."

3.        Plaintiff asserts Texas state law claims of premises liability and gross negligence against Defendants. *See* Ex. B (Pl.'s Orig. Pet. at ¶ 7-9, 10).

4.        Plaintiff seeks damages for past and future: physical pain, mental anguish, and medical care. *Id.* at ¶ 11(a)-(d). Plaintiff also seeks exemplary damages. *Id.* at ¶ 11(e). By these damages, Plaintiff seeks a sum "over the amount of $250,000.00." *Id.* ¶ 2.

## II.
### REMOVAL EXHIBITS

5.        The following documents are attached to this Notice as exhibits:

**Ex. A:**        State Court Docket Sheet

**Ex. B:**        Entire State Court File

**Ex. C:**        Plaintiff's Responses to Requests for Admission

**Ex. D:**        Plaintiff's Answers to Interrogatories

**Ex. E:**        Affidavit Geoffrey W. Edwards

**Ex. F:**        Texas Secretary of State Form 406 filed on December 15, 2017

**Ex. G:**        Affidavit of Daniel Duran

## III.
### BASIS FOR REMOVAL

6.        This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a). "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or

subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

7.      Diversity of citizenship is determined at the time that the Plaintiff filed the lawsuit and at the time of removal. *Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cit. 1996). Plaintiff was a Texas citizen at the time that he filed this lawsuit and currently is Texas citizen. *See* Ex. C-D. Both at the time that this lawsuit was filed and at the time of the filing of this Notice of Removal, Plaintiff: (1) had a permanent home in Texas; (2) considered Texas to be the place where he intended to return when he was away; (3) was employed in Texas; (4) held a Texas driver's license; and (5) was registered to vote in Texas. *See* Ex. C.

**A.      Defendant Walmart, Inc. is a citizen of Arkansas**

8.      On the contrary, Defendant Walmart, Inc. is not a Texas citizen. *See* Ex. E. That is, Walmart, Inc. is the new name of Wal-Mart Stores, Inc., a corporation formed under the laws of the State of Delaware with its principal place of business in Arkansas. *See* Ex. E; Ex. F (indicating that Walmart Inc. is Wal-Mart Stores, Inc.'s new name).

9.      Accordingly, Plaintiff and Defendant Walmart are completely diverse.

**B.      Defendant Daniel Duran is a citizen of Texas, but has been improperly joined**

10.     The removing party bears the burden of demonstrating improper joinder. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 573 (5th Cir.2004) (quoting *Travis*, 326 F.3d at 646–47).

11.     The second way requires the defendant to demonstrate "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against

an in-state defendant." *Id.* To resolve this inquiry, the district court may conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Hicks v. Martinrea Auto Structures (United States), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021).

12.     On the date of the incident, Daniel Duran was the manager on Defendant Walmart's Store No. 3645 in Midland, Texas. *See* Ex. G. Defendant Duran was not employed at Store No. 897 in Fort Stockton, Texas on the date of the incident. *Id.* Defendant Duran did not cause the occurrence in question or Plaintiff's alleged injury. *Id.* Defendant Duran did not own or lease the premises where the incident occurred. *Id.*

13.     Despite Plaintiff's vague allegations that Defendant Duran failed to do a number of acts (Pl.'s Orig. Pet. at ¶ 8, 10), based on the facts sworn to in Defendant Duran's Affidavit, it is utterly impossible for Plaintiff to recover against Defendant Duran, because he was not even employed at the store at issue on the date of the incident. *See Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183-84 (5th Cir. 2018) (finding improper joinder with regard to Walmart employee, because Plaintiff failed to demonstrate that the employee at issue owed the customer a duty of care).

14.     Accordingly, Defendant Duran has been improperly joined and the fact that he is a Texas citizen should be disregarded by this Court.

**C.     Plaintiff seeks over $250,000.00**

15.     Further, Plaintiff seeks "over $250,000.00" in damages, an amount over the $75,000.00 threshold under 28 U.S.C. 1332(a). *See* Ex. B, Pl.'s Orig. Pet. at ¶ 2.  . Accordingly, the amount in controversy requirement of 28 U.S.C. 1332(a) is also satisfied.

16.     Therefore, because Plaintiff and Defendant Walmart are completely diverse, because Defendant Duran has been improperly joined, and because Plaintiff seeks damages in an amount over $75,000.00, this Court has jurisdiction over Plaintiff's claims and causes of action.

## III.
### REMOVAL PROCEDURE AND TIMELINESS

17.     If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.*

18.     Plaintiff filed the State Court Action on May 3, 2022. Ex. A, B, Pl.'s Orig. Pet. However, Plaintiff's Original Petition merely alleged that Plaintiff was a *resident* of Brewster County, Texas, not that he was a *citizen* of Texas. *Id.* at II.

19.     The difference between citizenship and residency is a frequent source of confusion. *See Midcap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019). For individuals, "citizenship has the same meaning as domicile," and "the place of residence is *prima facie* the domicile." *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Nevertheless, "[c]itizenship and residence, as often declared by this court, are not synonymous terms." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Robertson v. Cease*, 97 U.S. 646, 648, 24 L. Ed. 1057 (1878)). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Texas v. Florida*, 306 U.S. 398, 424, 59 S. Ct. 563, 83 L. Ed. 817 (1939)). Therefore, an allegation of residency alone "does

not satisfy the requirement of an allegation of citizenship." *Pathway Data, Inc.*, 929 F.3d at 313

(citing *Strain v. Harrelson Rubber Co*., 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Thus, this

case was not removable until Plaintiff Responses to Requests for Admission were received.

20. Defendants served Plaintiff with Requests for Admission and Interrogatories for

the sole purpose of determining Plaintiff's ***citizenship*** on June 30, 2022. Plaintiff served his

Responses/Answers to Defendants' Requests for Admission and Interrogatories on July 27, 2022.

*See* Ex. C-D. It was on this date that for, the first time, it was ascertainable that Plaintiff was/is a

citizen of Texas. *Id.* Accordingly, because less than thirty (30) days have passed since this date,

Defendants' Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

21. Venue of this removed action is proper in this Honorable Court pursuant to 28

U.S.C. § 1441(a) as Pecos is the District and Division where the State Court Action is pending.

22. Pursuant to 28. U.S.C. § 1446(d), Defendants will promptly give all Parties written

notification of the filing of this Notice and will also promptly file a copy with the District Clerk of

Pecos County, Texas where the State Court Action is currently pending.

## IV.
### JURY DEMAND

23. Defendants asked for a state court jury trial and ask for a jury trial in this Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that this matter be placed

on the Court's docket and for any other and further relief to which it may be justly entitled at law

or in equity.

6

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas  79950-1977
Phone:  (915) 532-2000
Fax:      (915) 541-1597
E-Mail:  enriquez@mgmsg.com
E-Mail:  mundell@mgmsg.com

By: _____
**Laura Enriquez**
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendants

## CERTIFICATE OF SERVICE

In compliance with Federal  Rule of Civil Procedure I, **Cal Mundell**, hereby certify that on the 26th day of August, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Jose Barrera, Esq., records@jbarreralaw.com, 1225 Agnes St., Suite B-8 Corpus Christi, Texas 78401.

_____
**Cal Mundell**

14475-565/CMUN/1705996

4:22-cv-00034

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David Trussell

**(b)** County of Residence of First Listed Plaintiff   Brewster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jose E. Barrera, 1225 Agnes St. Suite B-8
Corpus Christi, Texas 78401 (361) 221-1850

## DEFENDANTS

Walmart, Inc. and Daniel Duran

County of Residence of First Listed Defendant   Arkansas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Laura Enriquez and Cal Mundell, 100 N. Stanton St. Suite
1000, El Paso, Texas 79901 (915) 532-2000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 890 Other Statutory Actions |
| | | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |

(SOCIAL SECURITY section)
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441
Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal.   Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.          4:22-cv-00034

| STATE COURT INFORMATION |
|---|
| Please identify the court from which the case is being removed; the case number; and the complete style of the case. |
| *David Trussell v. Walmart Inc. and Daniel Duran* (Cause No. P-12873-112-CV) ending in IN THE DISTRICT COURT OF PECOS COUNTY, TEXAS 112TH JUDICIAL DISTRICT |
| Was jury demand made in State Court:          Yes **X**          No |
| If yes, by which party and on what date:<br><br>Plaintiff:<br>David Trussell                                                                          05/03/2022<br><br><br>Defendant:<br>Walmart Inc.<br>Daniel Duran                                                                     06/01/2022<br>Party Name                                                                          Date |

| STATE COURT INFORMATION: |
|---|
| List all plaintiffs, defendants, and intervenors still remaining in the case.   Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number and fax number (including area code). |
| **Plaintiff**:                                                    **Attorney**:<br><br>David Trussell                                       Jose Barrera, Esq., records@jbarreralaw.com, 1225 Agnes<br>                                                          St., Suite B-8, Corpus Christi, Texas 78401. |

| **Defendants**: | **Attorney**: |
|---|---|
| Walmart Inc. | Laura Enriquez |
| Daniel Duran | Cal Mundell |
| | Mounce, Green, Myers, |
| | Safi, Paxson & Galatzan, PC |
| | A Professional Corporation |
| | P. O. Box 1977 |
| | El Paso, Texas   79999-1977 |
| | (915) 532-2000 |
| | (915) 541-1548 |

List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

None.

List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

None.

---

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.   For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number and fax number (including area code).

None.

---

**VERIFICATION**:

_____08/25/2022_____

Attorney for Removing Party                      Date

---

112TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. P-12873-112-CV

DAVID TRUSSELL VS. WALMART, INC. & DANIEL
DURAN

§
§
§
§

Location: **112th District Court**
Judicial Officer: **Gomez, Pete**
Filed on: **05/03/2022**

---

### CASE INFORMATION

Case Type: **Injury or Damage: Other**

---

| DATE | CASE ASSIGNMENT |
|------|-----------------|

**Current Case Assignment**

| | |
|---|---|
| Case Number | P-12873-112-CV |
| Court | 112th District Court |
| Date Assigned | 05/03/2022 |
| Judicial Officer | Gomez, Pete |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **TRUSSELL, DAVID** | **BARRERA, JOSE E.** *Retained* 361-221-1850(W) |
| **Defendant** | **DURAN, DANIEL** | **ENRIQUEZ, LAURA** *Retained* 915-532-2000(W) |
| | **WALMART, INC.** | **ENRIQUEZ, LAURA** *Retained* 915-532-2000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|------|------------------------------|-------|
| 05/03/2022 | 📄 ORIGINAL PETITION (OCA) *PLAINTIFF'S ORIGINAL PETITION* | |
| 05/03/2022 | 📄 LETTER *REQUEST LETTER* | |
| 05/06/2022 | 📄 ISSUE *CITATIONS - EMAILED TO ATTORNEY* | |
| 05/06/2022 | **Citation** 🔍 WALMART, INC. Served: 05/12/2022 🔍 DURAN, DANIEL Served: 05/12/2022 | |
| 05/12/2022 | 📄 DOCUMENT *No Fee Documents* | |
| 05/16/2022 | 📄 DOCUMENT *No Fee Documents* | |
| 05/31/2022 | | |

> EXHIBIT
> A

112TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. P-12873-112-CV

|  |  |  |
|---|---|---|
|  | 📄 ORIGINAL ANSWER |  |
| 06/01/2022 | 📄 REQUEST *FOR JURY TRIAL* |  |
| 06/30/2022 | 📄 Certificate of Written Discovery |  |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Defendant** WALMART, INC.
Total Charges                                                           10.00
Total Payments and Credits                                        10.00
**Balance Due as of 8/4/2022**                                **0.00**

**Plaintiff** TRUSSELL, DAVID
Total Charges                                                         366.00
Total Payments and Credits                                      366.00
**Balance Due as of 8/4/2022**                                **0.00**

*Printed on 08/04/2022 at 3 30 PM*

P-12873-112-CV

Filed: 5/3/2022 2:13 PM
Gayle Henderson,
District Clerk
Pecos County, Texas

Arelee Flores

CAUSE NO. _____

| | | |
|---|---|---|
| **DAVID TRUSSELL** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | 5/4/2022 |
| | § | |
| **vs** | § | 112TH ___ **JUDICIAL DISTRICT** |
| | § | |
| **WALMART, INC. & DANIEL DURAN** | § | |
| **Defendants** | § | **PECOS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE:**

COMES NOW, David Trussell ("Plaintiff"); complaining of Walmart, Inc. and Daniel Duran ("Defendants") and for cause of action would show the Court as follows:

### Discovery Plan and Amount in Controversy

1.      Plaintiff intends discovery be conducted under Level 2 of the Texas Rules of Civil Procedure.

2.      Pursuant to TRCP 47 Plaintiff is seeking monetary relief over the amount of $250,000.00 but less than a million dollars.

### Parties

3.      Plaintiff David Trussell is an individual residing in Brewster County, Texas. Plaintiff's last 3 digits of his driver license are 087. Plaintiff's last three numbers of his social security are 1558.

4.      Defendant Walmart, Inc. is a foreign corporation doing business in the State of Texas. Service may be completed by serving the registered agent:   CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5.      Defendant, Daniel Duran, is an individual and the manager of defendant Wal Mart at the time of this injury.   He may be served personally at address for process service is Walmart Store No. 6843910, 200 W. I-20, Midland, TX   79701, or wherever he may be found in the state of Texas.

EXHIBIT
B

**Venue/Jurisdiction**

6.     Venue is proper in Pecos County, Texas, pursuant to Section 15.002(a) (1) of the Texas Civil Practice and remedies code in that Pecos County is the county where the events giving rise to this claim occurred.     The amount herein exceeds the minimum jurisdictional limits of this court. The subject matter in controversy is within the jurisdictional limits of this court.

**Facts**

7.     On or about May 7, 2020 Plaintiff was an invitee of Walmart, Inc. located at 2610 Dickinson Blvd., Fort Stockton, Texas.   The plaintiff pumped gas at the gas station and headed towards the store to use the facility and get a drink. As plaintiff entered the front doors were roped off with an entry to the left and an exit to the right.   As plaintiff entered to the left of the caution tape there was a pedestrian slope for foot traffic from the parking lot to enter the store.   Plaintiff used the facility and told his wife what to purchase as he exited the store.   As plaintiff exited the store the caution tape barrier and spray-painted signage directed him to the right and away from the sloped pedestrian entry/exit and towards the ice machine and a field to the right of the store (all directions from viewpoint facing store). As plaintiff walked out the front door and down the path to the right, he realized there was no pedestrian exit and the only way back to his car on the parking lot was to step down from the parking curb to the parking lot.   This disorienting exit and steep parking curb as well as the confusion of a pedestrian entry but no pedestrian exit caused plaintiff to stumble as he stepped down off the elevated parking curb and plunge to the ground.   This foreseeable fall proximately caused grievous injury to plaintiff. Additionally, plaintiff is disabled and there was not accommodation made by defendants for disabled people to exit this store.   The existing pedestrian entry ramp being blocked by cones and yellow tape that the store had set Due to Defendant's negligence, and violation of the Americans with disabilities act Plaintiff suffered grievous injury.

## PREMISES LIABILITY

7.   At all relevant times and specifically at the moment the accident occurred, Plaintiff was defendants' invitee.  There is a duty for Texas property owners to maintain a safe location for the benefit of any contractors, subcontractors, independent workers, employees and invitees.  Plaintiff, defendants invitee was not provided a warning of uneven exit which did not match the pedestrian accessible entry.  Defendants had constructive and/or actual knowledge of the dangerous conditions the steep parking curb only exit ramp posed.  At all times, the Defendants retained control over the premises and Defendants complete failures caused these severe injuries to Plaintiff.  Defendants breaches of duties, singularly or in combination, proximately caused Plaintiff's severe personal injuries and damages.

8.   The incident described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of Defendant(s), their agents, servants, and employees who knew, or by using ordinary care should have known, of the defective, dangerous and/ or hazardous conditions set forth above, and they created such foreseeable conditions. Defendant(s) failed to use ordinary care to protect Plaintiff from the dangerous and unsafe conditions in one or more of the following respects, and were therefore negligent:

   a.   Defendant(s) violated a duty of care to Plaintiff when they allowed Plaintiff, to use their premises with an unsafe exit ramp. Defendant(s) also violated a duty of care to Plaintiff when they failed to inform Plaintiff, that their premises were defective. This breach of duties caused Plaintiff grievous harm.

   b.   Failure to post or place warnings, or other warnings or protective devices to draw attention to the defective ramp,

   c.   Failure to properly or adequately inspect, monitor, control, and maintain the premises.

   d.   Failure to ensure there were no hazards on the premises including careful inspection of the entrance and parking area to insure safety of invitees;

   e.   Failure to use ordinary care in maintaining the parking and entrance area.

Defendant(s) created and allowed this unsafe condition of its premises, and it was not a natural condition for a reasonable invitee to foresee. As a direct result of Defendant' negligence and the above-described dangers and hazardous conditions, Plaintiff suffered injury when he stumbled over the unmarked steep parking curb ramp that clearly had not been inspected or maintained at that time.

## RES IPSA LOQUITOR

9.   In this case the character of plaintiff's injury is such that it would not have occurred without negligence, and the instrumentality that caused the injury, defendants' pedestrian ramp is under defendants' sole management and control. Therefore, "the thing speaks for itself," meaning the circumstances surrounding the accident serve as evidence of the defendants' negligence.

### Dangerous Conduct Representing

### STATUTORY GROSS NEGLIGENCE AND PUNITIVE DAMAGES

10.   Plaintiff would further show that the dangerous condition created by the defendant as set forth above constitutes an entire want of care as to indicate that such acts and/or omissions were the result of conscious indifference to the rights, safety and welfare of others, including Plaintiff, and thus amount to gross negligence as that term is defined by the laws of the State of Texas.    As such, the jury should consider assessing punitive or exemplary damages.    The acts and/or omissions of the Defendants, when viewed objectively from their standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, the Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff. Thus, the Defendants is liable for gross neglect and exemplary damages.

### Plaintiff's Damages

11.   As a direct and proximate cause of and by the negligence of the Defendant(s), Plaintiff

seeks and is entitled to the following damages for his personal injuries:

     a.    physical pain and mental anguish in the past and future;

     b.    physical impairment in the past and future;

     c.    medical care in the past and the future;

     d.    Exemplary Damages; and

     e.    all other damages allowed by law and equity.

### Pre-Judgment and Post-Judgment Interest

12.   Plaintiff seeks pre- and post-judgment interest at the highest rate allowed by law.

### Jury Trial

13.   Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a trial by jury. Plaintiff has tendered the appropriate jury fee.

### Rule 193.7 Notice

14.   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff here gives actual notice that any and all documents produced by any party will be used at any pre-trial proceeding and/or at the trial of this matter.

### Reservation of Rights to Amend

15.   Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend his petition to add additional counts upon further discovery and as her investigation continues.

### Conditions Precedent

16 .   Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff rights to recover herein and to Defendant liability have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, prays that Defendants be cited to appear and answer, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from the Defendants for their actual damages & exemplary damages in such amount as the evidence shows and the jury determines to be proper together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show himself to be justly entitled.

Respectfully submitted,

**JOSE E BARRERA, PC**

By: */s/* Jose E. Barrera

Jose E. Barrera
State Bar No. 24040476
records@jbarreralaw.com
www.JBarreralaw.com
1225 Agnes St. Suite B-8
Corpus Christi, Texas 78401
Telephone: (361) 221-1850
Facsimile. (361) 237-1707

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle McDaniel on behalf of Jose Barrera
Bar No. 24040476
michelle@jbarreralaw.com
Envelope ID: 64142333
Status as of 5/4/2022 1:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose EBarrera | | josebarrera@jbarreralaw.com | 5/3/2022 2:13:16 PM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 5/3/2022 2:13:16 PM | SENT |

Filed: 5/3/2022 2:13 PM
Gayle Henderson
District Clerk
Pecos County, Texas

Arelee Flores



**J. BARRERA LAW**

May 3, 2022

5/4/2022

Ms. Gayle Henderson
Pecos County District Clerk
400 S. Nelson
Fort Stockton, Texas 79735

    Re:    David Trussell v. Walmart, Inc. & Daniel Duran, Pecos County, Texas

Dear Ms. Henderson,

    Please issue citation to the following:

    1.    Walmart, Inc., c/o CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

    2.    Daniel Duran, c/o Walmart Store No. 6843910, 200 W. I-20, Midland, Texas 79701.

    Once these citations are prepared, please email them to michelle@jbarreralaw.com.   If you have any questions, please call me at 361-759-3881.

    Thank you.

    Sincerely,

    *Michelle McDaniel*
    _____
    Michelle McDaniel,
    Paralegal to Jose E. Barrera

/mm

P: 361-221-1850
C: 361-446-5266   F: 361-237-1707
E: josebarrera@jbarreralaw.com

1225 Agnes St. Suite B-8
Corpus Christi, TX 78401
www.jbarreralaw.com

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle McDaniel on behalf of Jose Barrera
Bar No. 24040476
michelle@jbarreralaw.com
Envelope ID: 64142333
Status as of 5/4/2022 1:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose EBarrera | | josebarrera@jbarreralaw.com | 5/3/2022 2:13:16 PM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 5/3/2022 2:13:16 PM | SENT |

Copy from re:SearchTX

Filed: 5/12/2022 4:01 PM
Gayle Henderson,
District Clerk
Pecos County, Texas

Arelee Flores

5/13/2022

## CAUSE NO. P-12873-112-CV

| | | |
|---|---|---|
| DAVID TRUSSELL | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | PECOS COUNTY, TEXAS |
| | § | |
| WALMART, INC AND DANIEL DURAN | § | |
| Defendant. | § | 112TH JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

"The following came to hand on **May 9, 2022, 10:12 am**,

### CITATION AND PLAINTIFF'S ORIGINAL PETITION,

and was executed at **1999 Bryan St 900, Dallas, TX 75201** within the county of **DALLAS** at **02:01 PM** on **Thu, May 12 2022**, by delivering a true copy to the within named

### WALMART, INC., BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM, ACCEPTED BY TIERICA WILLIAMS, SOP INTAKE

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **JayKob McArter**, my date of birth is **08-04-2000**, and my address is **4425 W AIRPORT FWY., SUITE 352, IRVING, TX 75062**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **DALLAS** County, State of **TX**, on **May 12, 2022**.

JayKob McArter
Certification Number: PSC-20627 EXP 11/30/2023
Certification Expiration: 11/30/2023

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle McDaniel on behalf of Jose Barrera
Bar No. 24040476
michelle@jbarreralaw.com
Envelope ID: 64461300
Status as of 5/13/2022 11:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose EBarrera | | josebarrera@jbarreralaw.com | 5/12/2022 4:01:23 PM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 5/12/2022 4:01:23 PM | SENT |

Copy from re:SearchTX

Filed: 5/16/2022 1:12 PM
Gayle Henderson,
District Clerk
Pecos County, Texas

5/16/2022

Arelee Flores

## CAUSE NO. P-12873-112-CV

| | | |
|---|---|---|
| DAVID TRUSSELL | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | PECOS COUNTY, TEXAS |
| | § | |
| WALMART, INC AND DANIEL DURAN | § | |
| Defendant. | § | 112TH JUDICIAL DISTRICT |

### AFFIDAVIT OF SERVICE

On this day personally appeared **JOHNIE EADS** who, being by me duly sworn, deposed and said:

"The following came to hand on **May,10, 2022, 7:59PM,**

#### CITATION AND PLAINTIFF'S ORIGINAL PETITION,

and was executed at **200 W I-20 , MIDLAND, TEXAS 79701** within the county of **Midland** at **02:10 PM** on **Thu, May 12** 2022, by delivering a true copy to the within named

#### DANIEL DURAN

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Kory Young
Certification Number: 19368
Certification Expiration: 12/31/2022

BEFORE ME, a Notary Public, on this day personally appeared **JOHNIE G. EADS**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON _May 16th 2022_

DAVINA TUCKER
Notary Public, State of Texas
Notary ID# 13281310-6
My Commission Expires 12-07-2024

Notary Public, State of Texas

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michelle McDaniel on behalf of Jose Barrera
Bar No. 24040476
michelle@jbarreralaw.com
Envelope ID: 64535433
Status as of 5/16/2022 4:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose EBarrera | | josebarrera@jbarreralaw.com | 5/16/2022 1:12:09 PM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 5/16/2022 1:12:09 PM | SENT |

Copy from re:SearchTX

Filed: 5/31/2022 11:02 AM
Gayle Henderson,
District Clerk
Pecos County, Texas

Arelee Flores

6/1/2022

P-12873-112-CV

| | | |
|---|---|---|
| DAVID TRUSSELL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 112TH JUDICIAL DISTRICT |
| | § | |
| WALMART INC. & DANIEL DURAN | § | |
| | § | PECOS COUNTY, TEXAS |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants WALMART INC. and DANIEL DURAN file their Answer to Plaintiff's Original Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny all material allegations contained in Plaintiff's Original Petition and demand strict proof thereof as required by law.

### II.

### DEFENSES

A.    The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.    To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Petition, which Defendants deny, those injuries and damages were proximately caused by the acts or omissions of persons and/or entities over whom Defendants have no control and for whom Defendants have no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.      Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendants.

E.      Defendants would show that the occurrence in question may have been caused by the negligence of a third party over whom Defendants have no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

F.      Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

G.      The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

H.      Defendants plead Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

I.      Defendants plead the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

J.      Plaintiff's recovery for lost earnings, lost earning capacity, or other pecuniary loss, if any, must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law pursuant to Tex. Civ. Prac. & Rem. Code Section 18.091(a).

K.      Texas Civil Practice and Remedies Code § 41.001, et seq., applies and punitive/exemplary damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority,    and    common    law.    Further,    unless    Plaintiff    proves    Defendant's    liability    for

punitive/exemplary damages, and the amount punitive/exemplary damages, if any, by clear and convincing evidence, any award of punitive/exemplary damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

L.      Defendants plead all applicable caps on the punitive/exemplary damage claims.

### III.

### AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendants assert the following affirmative defenses:

A.      Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces it proportionately.

B.      To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendants are not responsible for any damages that could have been avoided.

### IV.

### JURY DEMAND

Defendants request trial by jury and reserves the right to amend.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that upon final hearing that it be discharged and allowed to go hence without day and with its costs and that the Court grant Defendants such other and further relief, general or special, legal or equitable, to which Defendants may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ____/s/ Laura Enriuqez_____
        Laura Enriquez
        State Bar No. 00795790
        Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 31st day of May 2022, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Jose Barrera
Jose E. Barrera, PC
1225 Agnes St., Suite B-8
Corpus Christi, Texas 78401
records@jbarreralaw.com

____/s/ Laura Enriquez_____
Laura Enriquez

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanette Williams on behalf of Laura Enriquez
Bar No. 00795790
jwilliams@mgmsg.com
Envelope ID: 64970809
Status as of 6/1/2022 8:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose EBarrera | | josebarrera@jbarreralaw.com | 5/31/2022 11:02:48 AM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 5/31/2022 11:02:48 AM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 5/31/2022 11:02:48 AM | SENT |
| Jeanette Williams | | jwilliams@mgmsg.com | 5/31/2022 11:02:48 AM | SENT |

Associated Case Party: WALMART, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 5/31/2022 11:02:48 AM | SENT |

Filed: 6/1/2022 9:17 AM
Gayle Henderson,
District Clerk
Pecos County, Texas

Arelee Flores

6/1/2022

P-12873-112-CV

| | | |
|---|---|---|
| DAVID TRUSSELL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 112TH JUDICIAL DISTRICT |
| | § | |
| WALMART INC. & DANIEL DURAN | § | |
| | § | PECOS COUNTY, TEXAS |
| Defendants. | § | |

## DEFENDANTS' REQUEST FOR JURY TRIAL

Defendants, having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), hereby requests the above styled and numbered cause be placed upon a jury docket.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: __/s/ Laura Enriquez_____
Laura Enriquez
State Bar No. 00795790
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 31st day of May 2022, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Jose Barrera
Jose E. Barrera, PC
1225 Agnes St., Suite B-8
Corpus Christi, Texas 78401
records@jbarreralaw.com

_____/s/ Laura Enriquez_____
Laura Enriquez

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeanette Williams on behalf of Laura Enriquez
Bar No. 00795790
jwilliams@mgmsg.com
Envelope ID: 65007871
Status as of 6/1/2022 9:27 AM CST

Associated Case Party: WALMART, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 6/1/2022 9:17:40 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeanette Williams | | jwilliams@mgmsg.com | 6/1/2022 9:17:40 AM | SENT |
| Jose EBarrera | | josebarrera@jbarreralaw.com | 6/1/2022 9:17:40 AM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 6/1/2022 9:17:40 AM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 6/1/2022 9:17:40 AM | SENT |

Filed: 6/30/2022 5:39 PM
Gayle Henderson,
District Clerk
Pecos County, Texas

Arelee Flores

IN THE DISTRICT COURT OF PECOS COUNTY, TEXAS

112TH JUDICIAL DISTRICT COURT                    7/1/2022

| | | |
|---|---|---|
| DAVID TRUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No. P-12873-112-CV** |
| | § | |
| WALMART INC. & DANIEL DURAN, | § | |
| | § | |
| Defendants. | § | |

## <u>CERTIFICATE OF WRITTEN DISCOVERY</u>

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW,** WALMART INC. and DANIEL DURAN, Defendants in the above-entitled and numbered cause, and submit their Certificate of Written Discovery regarding the following written discovery requests/responses:

1.       Defendants' Initial Disclosures to Plaintiff;
2.       Defendants' First Set of Interrogatories to Plaintiff;
3.       Defendants' First Requests for Admission to Plaintiff.

**WHEREFORE PREMISES CONSIDERED**, Defendants respectfully pray that the Court and all parties take notice of the above and foregoing Certificate, and service of the above-referenced discovery requests/responses, and that the Court grant Defendants such other and further relief, general or special, legal or equitable, to which Defendants may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas  79950-1977
Phone:  (915) 532-2000
Fax:      (915) 541-1597
E-Mail:  enriquez@mgmsg.com
E-Mail:  mundell@mgmsg.com

By: _____
**Laura Enriquez**
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendants

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **Cal Mundell**, hereby certify that on the 30th day of June, 2022, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on the following parties or attorney(s): Jose Barrera, Esq., records@jbarreralaw.com, 1225 Agnes St., Suite B-8 Corpus Christi, Texas 78401.

_____
**Cal Mundell**

2

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 65951255
Status as of 7/1/2022 8:09 AM CST

Associated Case Party: WALMART, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Enriquez | | enriquez@mgmsg.com | 6/30/2022 5:39:44 PM | SENT |
| Sergio Soto | | ssoto@mgmsg.com | 6/30/2022 5:39:44 PM | SENT |
| Cal Mundell | | mundell@mgmsg.com | 6/30/2022 5:39:44 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeanette Williams | | jwilliams@mgmsg.com | 6/30/2022 5:39:44 PM | SENT |
| Jose EBarrera | | josebarrera@jbarreralaw.com | 6/30/2022 5:39:44 PM | SENT |
| Michelle McDaniel | | michelle@jbarreralaw.com | 6/30/2022 5:39:44 PM | SENT |
| Ilene Torres | | itorres@mgmsg.com | 6/30/2022 5:39:44 PM | SENT |

## CAUSE NO. P-12873-112-CV

| | | |
|---|---|---|
| **DAVID TRUSSELL** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs** | § | **112th JUDICIAL DISTRICT** |
| | § | |
| **WALMART, INC. & DANIEL DURAN** | § | |
| **Defendants** | § | **PECOS COUNTY, TEXAS** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

To:     Walmart, In. and Daniel Duran, by and through their attorneys of record, Laura Enriquez and Cal Mundell, MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN, A Professional Corporation, P.O. Drawer 1977, El Paso, Texas 79999-1977.

      **COMES NOW,** Plaintiff David Trussell, and respectfully files his Responses to Defendants'

First Request for Admission.

      Respectfully submitted,

      JOSE E BARRERA, PC


      **By: */s/ Jose E. Barrera***
        Jose E. Barrera
        State Bar No. 24040476
        www.JBarreralaw.com
        1225 Agnes St. Suite B-8
        Corpus Christi, Texas 78401
        Telephone: (361) 221-1850
        Facsimile. (361) 237-1707
        ATTORNEY FOR PLAINTIFF

# EXHIBIT C

**CERTIFICATE OF SERVICE**

I certify that on 27th day of July 2022 a true and correct copy of the foregoing document

was served to each person listed below by the method indicated.

**VIA E-SERVE**

Laura Enriquez
Cal Mundell
Mounce, Green, Myers, Safi, Paxson & Galatzan
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79999-1977

                                              **/S/ JOSE E. BARRERA**
                                              Jose E. Barrera

## RESPONSE TO REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**:

Admit that you are seeking monetary relief of more than $75,000.00, excluding interest and costs.

**RESPONSE:** Admit

**REQUEST FOR ADMISSION NO. 2**:

Admit that you are not seeking monetary relief of more than $75,000.00, excluding interest and costs.

**RESPONSE:** Deny

**REQUEST FOR ADMISSION NO. 3**:

Admit that you were a citizen of Texas at the time that you filed this lawsuit.

**RESPONSE:** Admit

**REQUEST FOR ADMISSION NO. 4**:

Admit that your permanent home was in Texas at the time that you filed this lawsuit.

**RESPONSE:** Admit

**REQUEST FOR ADMISSION NO. 5**:

Admit that the place where you lived in Texas, at the time you filed this lawsuit, was where you intended to return when you were away.

**RESPONSE:** Admit

**REQUEST FOR ADMISSION NO. 6**:

Admit that your location of employment was in Texas at that time you filed this lawsuit.

**RESPONSE:** Admit

**REQUEST FOR ADMISSION NO. 7**:

Admit that you had a Texas driver's license at the time you filed this lawsuit.

**RESPONSE:**  Admit

**REQUEST FOR ADMISSION NO. 8**:

Admit that you were registered to vote in Texas at the time you filed this lawsuit.

**RESPONSE:**  Admit

**REQUEST FOR ADMISSION NO. 9**:

Admit that you are a citizen of Texas.

**RESPONSE:**  Admit

**REQUEST FOR ADMISSION NO. 10**:

Admit that your permanent home is in Texas.

**RESPONSE:**  Admit

**REQUEST FOR ADMISSION NO. 11:**

Admit that the place where you live in Texas is where you intend to return when you were away.

**RESPONSE:**  Admit

**REQUEST FOR ADMISSION NO. 12:**

Admit that your location of employment is in Texas.

**RESPONSE:**  Admit

**REQUEST FOR ADMISSION NO. 13:**

Admit that you have a Texas driver's license.

**RESPONSE:**  Admit

**REQUEST FOR ADMISSION NO. 14:**

Admit that you are registered to vote in Texas.

**RESPONSE:** Admit

**REQUEST FOR ADMISSION NO. 15**:

Admit that you were a citizen of a State other than Texas, in the United States of America, at the time you filed this lawsuit.

**RESPONSE:** Deny

**REQUEST FOR ADMISSION NO. 16**:

Admit that you were a citizen of a country, other than the United States of America, at the time you filed this lawsuit.

**RESPONSE:** Deny

**REQUEST FOR ADMISSION NO. 17**:

Admit that you are a citizen of a State, other than Texas, in the United States of America.

**RESPONSE:** Deny

**REQUEST FOR ADMISSION NO. 18**:

Admit that you are a citizen of a country other than the United States of America.

**RESPONSE:** Deny

## CAUSE NO. P-12873-112-CV

| | | |
|---|---|---|
| **DAVID TRUSSELL** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs** | § | **112th JUDICIAL DISTRICT** |
| | § | |
| **WALMART, INC. & DANIEL DURAN** | § | |
| **Defendants** | § | **PECOS COUNTY, TEXAS** |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' INTERROGATORIES

To:     Walmart, In. and Daniel Duran, by and through their attorneys of record, Laura Enriquez and Cal Mundell, MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN, A Professional Corporation, P.O. Drawer 1977, El Paso, Texas 79999-1977.

**COMES NOW,** Plaintiff David Trussell, and respectfully files his Answers to Defendants' First Set of Interrogatories.

Respectfully submitted,

JOSE E BARRERA, PC

By: */s/ Jose E. Barrera*
    Jose E. Barrera
    State Bar No. 24040476
    www.JBarreralaw.com
    1225 Agnes St. Suite B-8
    Corpus Christi, Texas 78401
    Telephone: (361) 221-1850
    Facsimile. (361) 237-1707
    ATTORNEY FOR PLAINTIFF

## EXHIBIT D

## <u>CERTIFICATE OF SERVICE</u>

I certify that on 27th day of July 2022 a true and correct copy of the foregoing document was served to each person listed below by the method indicated.

**<u>VIA E-SERVE</u>**

Laura Enriquez
Cal Mundell
Mounce, Green, Myers, Safi, Paxson & Galatzan
A Professional Corporation
P.O. Drawer 1977
El Paso, Texas 79999-1977

_/S/ JOSE E. BARRERA_ _____
Jose E. Barrera

## RESPONSE TO REQUEST FOR ADMISSION

## INTERROGATORIES TO PLAINTIFF

**INTERROGATORY NO. 1:**

    List the address of the place where you lived and intended to return when you were away at the time you filed this lawsuit. Include the dates that you lived at this address.

**ANSWER:**    115 Bee Mountain Rd.
                 Terlingua, Texas 79852

                 I have lived at this address for 12 years.

**INTERROGATORY NO. 2:**

    List the address of the place where you currently live and intend to return when you are away. Include the dates that you lived at this address.

**ANSWER:**    115 Bee Mountain Rd.
                 Terlingua, Texas 79852

                 I have lived at this address for 12 years.

## AFFIDAVIT

**BEFORE ME**, the undersigned authority, on this day personally appeared Geoffrey W. Edwards, who being by me duly sworn, deposed as follows:

1.      My name is Geoffrey W. Edwards.  I am over twenty-one years of age, of sound mind, and capable of making this affidavit. I have never been convicted of any felony or a misdemeanor involving moral turpitude. The facts stated herein are within my personal knowledge and are true and correct.

2.      I am acquainted with the facts stated in this Affidavit because I am Assistant Secretary and familiar with the corporate structure.

3.      Wal-Mart Stores, Inc. is a corporation which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas.

4.      Wal-Mart Stores Texas, LLC is a limited liability company which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC. Wal-Mart Property Co. is the sole unit holder of Wal-Mart Real Estate Business Trust. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a limited partnership which was formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. WSE Management, LLC is the sole general partner, and WSE Investment, LLC is the sole limited partner, of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both limited liability companies which were formed under the laws of the State of Delaware and whose principal place of business is in Bentonville, Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company whose principal place of business is in Bentonville, Arkansas. Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC.

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, by Carol J. Haggard on this the 3rd day of May, 2017, to certify which witness my hand and official seal of office.

_____
NOTARY PUBLIC, STATE OF ARKANSAS

My commission expires: 6-6-2024

**EXHIBIT E**

CAROL J. HAGGARD
BENTON COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires June 6, 2024
Commission No. 12399627

| Form 406 (Revised 05/11) |  | This space reserved for office use. |
|---|---|---|
| Submit in duplicate to: Secretary of State P.O. Box 13697 Austin, TX 78711-3697 512 463-5555 FAX: 512/463-5709 **Filing Fee: See instructions** | **Amendment to Registration** | **F I L E D** In the Office of the Secretary of State of Texas **DEC 1 5 2017** **Corporations Section** |

## Entity Information

1. The legal name of the filing entity is:

Wal-Mart Stores, Inc.

*State the name of the entity as currently shown in the records of the secretary of state.*

2. If the entity attained its registration under an assumed name, the qualifying assumed name as shown on the records of the secretary of state is:

3. The registration was issued to the entity on:      10/29/1974

                                                      *mm/dd/yyyy*

The file number issued to the filing entity by the secretary of state is:   003668006

## Amendments to Application

4. The registration is amended to change the legal name of the entity as amended in the entity's jurisdiction of formation. The new name is:

Walmart Inc.

5. The new name of the entity is not available for use in Texas or fails to include an appropriate organizational designation. Or, the entity wishes to amend the qualifying assumed name stated on its application for registration or amended registration. The assumed name the entity elects to adopt for purposes of maintaining its registration is:

6. The registration is amended to change the business or activity stated in its application for registration or amended registration. The business or activity that the entity proposes to pursue in this state is:

The entity certifies that it is authorized to pursue the same business or activity under the laws of the entity's jurisdiction of formation.

## EXHIBIT
## F  4

Form 406



TX043 - 05/20/2011 C T Filing Manager Online

## Other Changes to the Application for Registration

7.  The foreign filing entity desires to amend its application for registration to make changes other than or in addition to those stated above.  Statements contained in the original application or any amended application are identified by number or description and changed to read as follows:

## Effectiveness of Filing (Select either A. B, or C.)

A. ☐ This document becomes effective when the document is filed by the secretary of state.

B. ☒ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing.  The delayed effective date is:  02/01/2018

C. ☐ This document takes effect upon the occurrence of a future event or fact, other than the passage of time.  The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date:   12-14-2017

Gordon Y. Allison
Signature of authorized person (see instructions)

Gordon Allison, Vice President
Printed or typed name of authorized person.





## Affidavit Daniel Duran.pdf

| | |
|---|---|
| DocVerify ID: | 25E1AA36-F535-4EAC-85A5-314B04EBFCE6 |
| Created: | August 24, 2022 09:33:30 -8:00 |
| Pages: | 1 |
| Remote Notary: | Yes / State: TX |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Daniel Duran (DD)**
August 24, 2022 12:04:48 -8:00 [89D69B14E90C] [65.155.135.18]
d0d01at.s03645.us@wal-mart.com (Principal) (ID Verified)

**E-Signature Notary: Rachel Scott (RS)**
August 24, 2022 12:04:48 -8:00 [EDD4D19FAC42] [97.105.129.206]
rachel@expressrecords.net
I, Rachel Scott, did witness the participants named above electronically sign this document.



EXHIBIT

G

DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| DAVID TRUSSELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| WALMART INC. & DANIEL DURAN, | § | |
| | § | |
| Defendants. | § | |

## **<u>AFFIDAVIT OF DANIEL DURAN</u>**

BEFORE ME, the undersigned authority, on this day personally appeared Daniel Duran, who being by me duly sworn, deposed as follows:

1.    My name is Daniel Duran.  I am over twenty-one years of age, of sound mind, and capable of making this affidavit. I have never been convicted of any felony or a misdemeanor involving moral turpitude. The facts stated herein are within my personal knowledge and are true and correct.

2.    I am store manager of Wal-Mart Store 3645 in Midland, Texas. I am familiar with the facts stated herein based on my employment with Wal-Mart.

3.    I have reviewed Plaintiff's pleading. He claims that on or about May 7, 2020, he fell from the curb at the gas station located at Wal-Mart Store 897 in Fort Stockton, Texas.

4.    I was not employed at Wal-Mart Store 897 on the date of the incident.  I did not in any way cause Plaintiff to fall. I did not control said premises. I did not participate in or direct any act or omission which may have led Plaintiff to fall. I do not and never have owned or leased the premises where the accident occurred.



_____
Daniel Duran

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, by Daniel Duran on this the _____day of August, 2022, to certify which witness my hand and official seal of office.

Notarial act performed by audio-visual communication



NOTARY PUBLIC, STATE OF _____

My commission expires: _____

Rachel Scott
Commission # 12688203-3
Notary Public
STATE OF TEXAS
My Comm Exp. Jun 09, 2025

25E1AA36-F535-4EAC-85A5-314B04EBFCE6 — 20220824 09:33:30 -8:00 — Remote Notary

